THE PEOPLE vs. VAN PELT.

An indictment found on a penal statute, should state the *precise words* of that part of the statute defining the offence. It is settled law, that equivalent words are insufficient. (See authorities cited in this case.)

*Held*, that an indictment found under the act of May 14, 1845, for selling by *retail* any intoxicating or spirituous liquors or wines, &c. could not be supported under the 15th section of the act of 1830, prohibiting the sale of any *strong* or spirituous liquors or wines in any *quantity less than five gallons* at a time, without a license.

Where a penal statute is repealed, the penalty is gone *though the repeal takes place while the prosecution for it is pending.*

*King's county Oyer and Terminer.—Before Judge* STRONG *and Justices* HUGHES *and* WRIGHT, *December 15th,* 1848.   The defendant had been indicted during the pendency of the act relating to excise and to licensing retailers of intoxicating liquors, passed May 14th, 1845, for selling by retail strong and spirituous liquors and wines, in Brooklyn, after the electors of the city had voted, pursuant to the third section of that act, that no license should be granted for such purposes.   There had been no trial, and it was moved in behalf of the defendant that the indictment should be quashed on the ground that the statute under which it had been found had been repealed.

The motion was argued by Mr. WARING for the defendant, and Mr. DURYEA, district attorney, for the people.

STRONG, Justice.—It has been argued in behalf of the prosecution that the indictment is valid under the provisions of the act relating to excise incorporated in the Revised Statutes of 1830, and can be sustained notwithstanding the repeal of the act of 1845.   The 15th section of the act of 1830, prohibits the sale of any strong or spirituous liquors or any wines in any quantity less than five gallons at a time, without a license. There is no charge in the indictment in question for selling in any quantity less than five gallons at a time.   The only direct allegation in reference to quantity is that the defendant sold by retail.   That would be appropriate under the act of 1845, but would be insufficient in an indictment found on the 15th section of the act of 1830.   A sale by retail is not necessarily in a quantity less than five gallons, and even if it was, that would not dispense with the necessity of inserting in the indictment the precise words of that part of the statute defining the offence.   It has long been the settled law that equivalent words are insufficient.   (1st Chitty's Criminal law, 218 to 286; 1 East. 157; 1 Leach Criminal Law, 82, 556; Hawkins' Pleas of the Crown, b. 2, ch. 25, § 110.)

The 16th section of the act of 1830, prohibits the sale of any strong and spirituous liquors or wines, to be drank in the houses &c. of the vendor without a tavern-keeper's license.   There is no charge in the indictment found in this case, that the defendant sold any liquor to be drank in his house or in any place mentioned in the prohibition contained in the section which I have last quoted, there is no other offence specified

in the act of 1830, and consequently the indictment in question cannot be supported under that act.   I am inclined to think that the prohibitory clauses of the act of 1830, became inapplicable to the city of Brooklyn after the electors had voted that no license should be granted in that city, except to determine the species of offence, and the extent of punishment for any violation of the 5th section of the act of 1845.   That section provides that, whenever the electors of any city or town shall have determined that no license shall be granted in such city or town, whoever shall sell by *retail* any intoxicating or spirituous liquors or wines, or in any manner or by any device, shall sell by retail within such city or town, shall be liable to all the penalties imposed by the excise law of 1830.   It describes and provides for a general class of offences which includes all sales by retail except by physicians for medical purposes.   It became a substitute for, and (if I may use the expression) absorbed the prohibitory clauses of the act of 1830.   There were some changes, too, not merely verbal but substantial;  "intoxicating" was substituted for "strong," "retail" for "quantities less than five gallons" and the reference to licenses was wholly omitted, as it should be, as no licenses could be granted after the electors had voted against them.   The prohibition contained in the act of 1845 was positive, not, as in the act of 1830, conditional.   The alterations were so considerable that the provisions of the act of 1845 could not be considered as cumulative, but were so far elemental as to change the identity of the offences, and those specified in the act of 1830 no longer existed, except as they were incorporated in a modified form in the more recent statute.   If I am right in my last position, it follows that after the vote of the electors of Brooklyn against licenses, no valid indictment could be found for offences alleged to have been committed there under the act of 1830.   The learned and able jurist, who was district attorney at the time when the indictment in question was drawn, probably entertained the same opinion, as it is evidently wholly based upon the act of 1845.   There is but one departure in the use of the word "strong" instead of the word "intoxicating" to characterize the liquors sold.   If such liquors were strong, they were undoubtedly intoxicating, and that might be, in the opinion of a non-professional man, sufficient, but the technical rule to which I have alluded, that the *very words* used in the statute to describe the offence, must be inserted in the indictment might be fatal to that now under consideration.   It is not necessary, however, to decide that question here.

It is very clear that if this indictment can be supported at all, it must be under the act of 1845.   I have already said, that it is at least doubtful

whether it was drawn strictly in compliance with the provisions of that act. But if it had been free from all objections at the time when it was presented, it can not now be sustained, as the act of 1845 has been unconditionally repealed. I take it to be the settled rule, that where a penal statute is repealed, the penalty is gone, though the repeal takes place while the prosecution for it is pending. In the case of *Key* v. *Gardiner*, 4 Moore and Payne's Reports, 341, 351, the late Chief Justice Tindall said: "I take the effect of a repealing statute to be to obliterate the statute repealed as completely from the records of the parliament as if it had never passed, and that it must be considered as a law that never existed, except for the purpose of those actions or suits which were commenced, prosecuted, and concluded whilst it was an existing law." The same opinion is expressed and ably supported by Judge Cowen, in the case of *Butler* v. *Palmer*, 1 Hill, 324, and by Judge Whittlesey, in pronouncing the judgment of the late Supreme Court in the cases cited on the argument. As a general rule it would be obviously unjust to punish one for an act which the law no longer considers as criminal. The reason for the rule may not apply with much force to this case, but it is a sound principle that no law should be bent to suit individual cases. It is certainly most desirable to suppress by all suitable means the evils of intemperance, and we accordingly instructed the grand jury at the commencement of the present term, to make diligent inquiries on the subject, and to present for trial all persons who should be proved to their satisfaction to have been guilty of any infraction of the existing law. An injunction with which, much to our satisfaction, they have faithfully complied. But we can not, even in the support (if support it may be called,) of the best of causes, dispense with a rule of law which we find laid down by the greatest authorities, and nowhere controverted. The consequence is, that the indictment in question having no longer any foundation upon which it can stand, must be quashed.